UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCOTT,<br><br>     Petitioner,<br><br>  v.<br><br>DAVID J. EBBERT,<br><br>     Respondent. | CIVIL ACTION NO. 3:15-CV-00120<br><br>(NEALON, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On January 21, 2015, the Court received and filed the instant *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner, Eugene Scott, on January 13, 2015. (Doc. 1).

**I.   BACKGROUND**

On January 21, 2015, Scott filed a petition for a writ of habeas corpus. (Doc. 1). While the precise nature of his claims is unclear, liberally construed, Scott appears to allege violations of Program Statement 5217.01, and the due process clause of the United States Constitution. Scott is currently designated to the Special Management Unit program ("SMU") at USP-Lewisburg. (Doc. 1). He submits that he has been placed in the SMU beyond the limits set forth in the BOP's Program Statement. (Doc. 1). Specifically, he contends that he has been subjected to prolonged isolation for "an additional 3 years after the six month extension expired at the 30 month mark" without fair notice. (Doc. 1). In his request for relief, Scott seeks an evidentiary hearing, an order to be released from SMU, or alternatively to be transferred to an institution. (Doc. 1).

**II.    DISCUSSION**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Scott claims that prison officials failed to hold a disciplinary hearing prior to extending his "Special Management Unit" ("SMU") designation at USP-Lewisburg. As such, he argues that prison officials' failure to provide fair notice of these extensions violated his due process rights. (Doc. 1, at 3). It appears that Scott attacks his SMU designation at USP-Lewisburg. He "does not challenge the basic fact or duration of his confinement, which is the 'essence of habeas.'" *Bedenfield v. Lewisburg*, 393 F. App'x 32, 33 (3d Cir. 2010) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Indeed, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate." *Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002). Scott's challenge to his prolonged placement in the SMU is comparable to the "garden variety prison transfer" that the United States Court of Appeals for the Third Circuit has held should be challenged in a civil rights action as opposed to a habeas petition. *Bedenfield*, 393 F. App'x at 33 (quoting *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 243 (3d Cir. 2005)). As Scott is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release," his claims are not cognizable under § 2241. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

### III. RECOMMENDATION

Based on the foregoing, this Court finds that Petitioner's present § 2241 habeas petition should be dismissed, as Petitioner's challenge to his prolonged placement in SMU is not properly brought in a habeas petition.

**BY THE COURT:**

Dated: March 9, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUGENE SCOTT,<br><br>    Petitioner,<br><br>v.<br><br>DAVID J. EBBERT,<br><br>    Respondent. | CIVIL ACTION NO. 3:15-CV-00120<br><br>(NEALON, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 9, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 9, 2015**
                                                          *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**