**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENE SCOTT, | : | |
|     Petitioner | : | |
| | : | CIVIL NO. 3:15-CV-0120 |
| v. | : | |
| | : | (JUDGE NEALON) |
| DAVID EBBERT, | : | (M.J. MEHACHICK) |
|     Respondent | : | |

**MEMORANDUM**

On January 21, 2015, Petitioner, Eugene Scott, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On March 9, 2015, Magistrate Judge Karoline Mehalchick issued a Report and Recommendation ("R&R"), recommending that the petition be dismissed. (Doc. 21). Objections were due by March 26, 2015, but were not filed. For the reasons set forth below, the R&R will be adopted, and the petition will be dismissed.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal

issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice").  In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In his petition, Petitioner alleges that he was placed in the Special Management Unit program ("SMU") in violation of the limits set forth in the Bureau of Prisons's ("BOP") policy because he has been in the SMU for three (3) years without due process.  (Doc. 1).  Magistrate Judge Mehalchick issued an R&R that appropriately set forth the factual background of the case and the applicable standard of review for a petition for habeas corpus, which are herein adopted.  (Doc. 5, pp. 1-2).  The Magistrate Judge concludes that the petition should be dismissed because Petitioner's challenge to this condition of

confinement would not alter his sentence or overturn his conviction, and thus his claim is not cognizable under 28 U.S. C. § 2241. (Doc. 5, p. 2).

After review, and in the absence of objections, because there is no clear error with Magistrate Judge Mehalchick's R&R, it will be adopted as such. Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order will be issued.

**Date:** March 27, 2015

                                        **/s/ William J. Nealon**
                                        **United States District Judge**